(49 South. 718.)

No. 17,407.

DAVIS' HEIRS v. DAVIS' HEIRS.

(May 24, 1909. Rehearing Denied June 19, 1909.)

LOST INSTRUMENTS (§ 8*) — DEEDS — ESTABLISHMENT.

　Evidence *held* to establish the execution, delivery, and destruction of the deed to the land in controversy to plaintiffs' ancestor, devesting defendants' ancestor of title.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. § 17; Dec. Dig. § 8.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of St. Helena; Clay Elliott, Judge.

Slander of title by the heirs of Dio C. Davis against the heirs of Goodrum Davis. There was a judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Reid, Purser & Reid (Bolivar Edwards Kemp, of counsel), for appellants. William Hutchinson McClendon (William Thomas Holland and Guy Joseph Ray, of counsel), for appellees.

PROVOSTY, J. Goodrum Davis, grandfather of the plaintiffs and father of the defendants, acquired the land in controversy from the government. Plaintiffs say that he sold it to their father, D. C. Davis, in 1869; and defendants deny that he did. Whether he did or not is the sole question in the case. Goodrum Davis died in 1873, and D. C. Davis in 1903. This suit was filed in 1907.

Plaintiffs say that the act of sale to their father was written on the back of the original patent, and was delivered to their father, and that, without having ever been recorded, it was lost in 1894 in a fire which destroyed the house of their father.

J. B. Davis, a grandson of Goodrum Davis and a coheir of the defendants, who would share equally with them in the event of their success, testifies that he was present at and remembers well the execution of the act of transfer and sale by Goodrum Davis to D. C. Davis on the back of the patent; that at that time Goodrum Davis was living at the house of T. K. Davis, father of witness; that witness himself went for and brought the lawyer and notary, Mr. W. C. Pipkin, to the house for the execution of the instrument, and that Mr. Pipkin, in his presence and that of his grandfather and of two other persons, whom he names, wrote the transfer, and read it out, and got his grandfather to sign it; that there was a price named in the act, but that he (witness) does not remember what it was, or whether any witness signed the act. The witness is the only survivor of those present at the execution of the act.

Mrs. Collins, one of the plaintiffs, testifies to having seen the act of transfer and to its destruction by fire. L. O. Davis, another of the plaintiffs, testifies to the destruction of his father's house and all its contents by fire.

The property consists of a tract of land containing 229.43 acres. No change seems to have taken place in its condition from 1869, the date of the alleged transfer, to the present time. The land has been virgin forest, except for some 10 or 12 acres cleared, fenced, and cultivated, and some buildings of little value. Such possession, however, as it was susceptible of in that condition, D. C. Davis maintained undisputedly from the time of the transfer in 1869 to the time of his death in 1903.

This suit is in slander of the title, with reconvention on the part of the defendants, claiming title as heirs of Goodrum Davis.

The transfer by Goodrum Davis to D. C. Davis is, in our opinion, satisfactorily proved.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiffs, Samuel Hodger Davis, L. O. Davis, Henry Allen Davis, Sarah Rebecca Davis, Cassie E. Davis, wife of R. M. Collins, Lela Estelle Davis, wife of Fred. Parker, Lena Rivers Davis, wife of M. E. Varnado, John Bailey Davis, Anna Kent Davis, wife of J. J. Durnin, and David L. Davis, be and are hereby decreed to be the owners, as heirs of their father, Dio Cletian Davis, of the property in controversy in this suit, which is described in the petition as follows: The N. W. ¼ of the S. W. ¼ of section 28, containing 181.60 acres; all of section 20, containing 4.82 acres; all of section 29, containing 15.90 acres—all in township 2 S., of range 4 E., St. Helena parish, and that the defendants pay the costs of this suit.